RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  11 / 1 / 13

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERRICK BAKER | DOCKET NO. 13-CV-2103; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| ROBERT L. CLEVELAND, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* Plaintiff Derrick Baker filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC), and he is now incarcerated at Rayburn Correctional Center in Angie, Louisiana. The suit was filed while he was incarcerated at Avoyelles Correctional Center. Plaintiff complains that he was denied timely medical care. He names as defendants Dr. Robert Cleveland and Nursing Director Sandra Sibley.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Factual Allegations*

Plaintiff alleges that on July 21, 2012, he made an emergency sick call because he was experiencing stomach pains, dizziness, and vomiting. [Doc. #1, p.2] Nurse Sibley prescribed a twelve-hour liquid diet, and gave Plaintiff some Pepto-Bismol. Plaintiff alleges that Nurse Sandra Sibley diagnosed him with a stomach virus. On July 22, 2012, Plaintiff made another emergency sick

call due to the same symptoms. [Doc. #1, p.3] The nurse contacted Dr. Cleveland, who instructed them to administer an injection of anti-nausea medication and to provide Plaintiff with intravenous fluids. [Doc. #1, p.3, Doc. #1-1, p.6] On July 23, 2012, Plaintiff made another emergency sick call. This time, a staff member transported Plaintiff to the infirmary by wheelchair. [Doc. #1, p.3] Upon examination by Dr. Cleveland, it was determined that Plaintiff required emergency medical care; he was transported via ambulance to the Huey P. Long Hospital. Plaintiff was diagnosed with appendicitis and underwent an appendectomy. [Doc. #1, p. 3] The physician at the hospital informed Plaintiff that his appendix had ruptured, and that "poison, germs, and infection" had spread throughout his body. [Doc. #1, p.3]

### Applicable Law

Plaintiff complains that there was "no reasonable concern" for his medical condition, "which is a demonstration of deliberate indifference" by Dr. Cleveland and Nurse Sibley. [Doc. #1, p.3] Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal quotations and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); see Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994)(applying Farmer to medical care claim). Plaintiff was ordered to amend his complaint to provide factual allegations demonstrating deliberate indifference.

Plaintiff's complaint and amended complaint present allegations of negligence, not deliberate indifference. For example, Plaintiff alleges that, due to their training and experience, Dr. Cleveland and Nurse Sibley "should have been aware" that Plaintiff needed immediate medical assistance "from an outside physician." [Doc., #10, p.1] Thus, they committed malpractice by not transferring him to the hospital until July 23, 2013. **Even unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference**; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir.2006).

Additionally, the facts alleged demonstrate that the defendants did not refuse to treat Baker, purposefully give him improper treatment, ignore his medical complaints, or engage "in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(internal quotation marks and citation omitted). When Plaintiff first complained of abdominal pain, dizziness and

vomiting on July 21, 2012, he was examined by the nurse, and his symptoms were treated as a virus. Although he received conservative treatment, he was not ignored or deprived of medical care. The next day, in response to Plaintiff's continued virus-type symptoms, the physician prescribed an injection for nausea and intravenous fluids for dehydration. Again, Plaintiff was not ignored or denied treatment. When Plaintiff still did not improve, he was transported to the hospital where he was diagnosed with appendicitis. He received over-the-counter medicine first, then prescription medication, and ultimately hospitalization, all within a 48-hour period of time. He was not left untreated for weeks - or even days. Plaintiff has failed to state a claim for a constitutional violation.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 1st day of ~~October~~ November, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE